IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EASTERN ELECTRIC CORPORATION OF NEW JERSEY | : : : | |
| v. | : : | CIVIL ACTION NO. 08-5478 |
| RUMSEY ELECTRIC COMPANY | : : : | |
| v. | : : | |
| SIEMENS ENERGY & AUTOMATION, INC. | : : | |

**SURRICK, J.**                                                                    APRIL  8 , 2010

**MEMORANDUM**

      Defendant/Third-Party Plaintiff Rumsey Electric Company ("Rumsey") filed this third-party action for contribution and indemnification against Third-Party Defendant Siemens Energy & Automation, Inc. ("Siemens"). Presently before the Court is Siemens Energy & Automation, Inc.'s Motion to Dismiss Third-Party Complaint (Doc. No. 15). For the following reasons, the Third-Party Complaint will be dismissed.

**I.    BACKGROUND**

      Plaintiff Eastern Electric Corporation ("Eastern") and Defendant/Third-Party Plaintiff Rumsey entered into a series of purchase orders in which Rumsey agreed to provide electrical supplies to Eastern for use in five construction projects: Pennbridge High School, Council Rock High School, Temple Liacouras Walk, Temple Bio-Life, and the Cira Centre. (Doc. No. 1 ¶ 6.) Eastern filed this lawsuit against Rumsey on November 20, 2008, alleging that Rumsey had breached purchase contracts related to these five projects. Count III of Eastern's Complaint

alleges that Rumsey failed to deliver a transformer and generator on time for the Temple Liacouras Walk project, thereby causing Eastern to incur additional costs on the project of approximately $209,000. (*Id.* ¶¶ 26-45.)

Rumsey filed a Third-Party Complaint against Third-Party Defendant Siemens on January 23, 2009. The Third-Party Complaint alleges that Siemens is liable to Rumsey for any liability Rumsey may have to Eastern for its alleged failure to deliver the transformer to Eastern on time for the Temple Liacouras Walk project. (Doc. No. 12 ¶ 4.) The Third-Party Complaint seeks indemnification or contribution from Siemens for the approximately $209,000 in damages that Eastern seeks from Rumsey. (*Id.* ¶¶ 6-12.) On February 23, 2009, Siemens filed this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. No. 15 at 1.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In *Iqbal*, the Supreme Court set forth a two-part analysis that district courts must conduct when reviewing a complaint challenged under Rule 12(b)(6). *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (describing *Iqbal*'s two-step inquiry). The district court must first separate "the factual and legal elements of a claim," accepting all of the complaint's well-pleaded facts as true but rejecting legal conclusions. *Id.* at 210 (citing *Iqbal*, 129 S. Ct. at 1949); *see also Iqbal*, 129 S. Ct. at 1949-

50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim]."). Under this analysis, well-pleaded factual allegations are to be given a presumption of veracity. *Iqbal*, 129 S. Ct. at 1950. The district court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 129 S. Ct. at 1950). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *Id.* A complaint that demonstrates entitlement to relief through well-pleaded facts will survive a motion to dismiss. *See id.* Given the nature of the two-part analysis, "'[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *See McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1950).

### III. DISCUSSION

Rumsey alleges that if it is found liable to Eastern for breach of contract based on its failure to timely deliver the transformer, Siemens is liable to Rumsey for indemnification and contribution. (Doc. No. 12 ¶ 4.) The Third-Party Complaint does not specify *why* Siemens would be liable to Rumsey for indemnification or contribution, but Rumsey's briefs suggest that Siemens's alleged liability to Rumsey is based on a contract. (*See* Doc. No. 22 at 2 ("Siemens' primary liability is based upon its failures to perform under agreements with Rumsey.").)

Contribution and indemnification are separate but related doctrines that permit a party who is found liable to another party to pass along some or all of its loss to a third party. Contribution "involves equal apportionment of liability among concurrent tortfeasors."

3

*Richardson v. John F. Kennedy Mem'l Hosp.*, 838 F. Supp. 979, 989 (E.D. Pa. 1993). Indemnification, on the other hand, "shifts the entire loss from one party to another." *Id.*

### A. Contribution

Count II of Rumsey's Third-Party Complaint seeks contribution from Siemens if Rumsey is found liable to Eastern for breach of the contract to supply the transformer for the Temple Liacouras Walk project. (Doc. No. 12 ¶ 4.) However, Pennsylvania law does not recognize a right to contribution in breach of contract cases. *See Agere Sys., Inc. v. Adv. Environ. Tech. Corp.*, 552 F. Supp. 2d 515, 520 (E.D. Pa. 2008) (holding that breach of contract could not form the basis of a contribution claim under Pennsylvania law); *Unique Techs., Inc. v. Micro Stamping Corp.*, No. 02-6649, 2003 WL 21652284, at *3 (E.D. Pa. Apr. 15, 2003) ("Pennsylvania law does not recognize a right to contribution in a breach of contract case." (citing *Kemper Nat'l P & C Co. v. Smith*, 615 A.2d 372, 380 (Pa. Super. Ct. 1992))). Rumsey concedes this point in its reply brief. Accordingly, Count II of Rumsey's Third-Party Complaint will be dismissed.

### B. Indemnification

Count I of Rumsey's Third-Party Complaint alleges that if Rumsey is liable to Eastern for breach of contract, Siemens must indemnify Rumsey for the damages. (Doc. No. 12 ¶¶ 6-9.) Indemnification "is a common law equitable remedy that shifts the entire responsibility for damages from a party who, without any fault, has been required to pay because of a legal relationship to the party at fault." *City of Wilkes-Barre v. Kaminski Bros., Inc.*, 804 A.2d 89, 92 (Pa. Commw. Ct. 2002). "Under Pennsylvania law, 'indemnity is available only in the following circumstances: (1) where primary versus secondary or vicarious liability is present or (2) where there is an express contract to indemnify.'" *Nat'l R.R. Passenger Corp. v. URS Corp.*, 528 F.

Supp. 2d 525, 532 (E.D. Pa. 2007) (quoting *Richardson*, 838 F. Supp. at 989).

Siemens argues that an October 2004 Bill of Sale (the "October Bill") is a contract between Rumsey and Siemens that explicitly disclaims Siemens's liability for indemnity. (Doc. No. 15 at 5; *see also id.* Ex. A at 7.) Rumsey counters that Rumsey's name does not appear anywhere on the October Bill, and that Rumsey does not even have a copy of this contract. Rumsey suggests that the October Bill is in fact a contract between Siemens and Eastern—not Rumsey. (Doc. No. 19 at 4.) Siemens does not address the issue in its reply brief.

For a party to be entitled to contractual indemnification, Pennsylvania law requires "an express contract to indemnify," not the mere absence of a contract disclaiming liability for indemnification. *Nat'l R.R. Passenger Corp.*, 528 F. Supp. 2d at 532. Rumsey has not alleged that it has an express contract for indemnification with Siemens, and it has not specifically stated in its briefs that such a contract exists. Therefore, it would appear that Siemens is liable to Rumsey for indemnification only if Rumsey can show that "primary versus secondary or vicarious liability is present." *Id.*

The Pennsylvania Supreme Court addressed the issue of common-law indemnification in cases where primary versus secondary or vicarious liability is present in *Builders Supply Co. v. McCabe*, 77 A.2d 368 (Pa. 1951). The court explained that

> [t]he right of indemnity rests upon a difference between the primary and the secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable. The difference between primary and secondary liability is not based on a difference in degrees of negligence or on any doctrine of comparative negligence, - a doctrine which, indeed, is not recognized by the common law. It depends on a difference in the character or kind of the wrongs which cause the injury

> and in the nature of the legal obligation owed by each of the wrongdoers to the injured person. Secondary liability exists, for example, where there is a relation of employer and employee, or principal and agent; if a tort is committed by the employee or the agent recovery may be had against the employer or the principal on the theory of respondeat superior, but the person primarily liable is the employee or agent who committed the tort, and the employer or principal may recover indemnity from him for the damages which he has been obliged to pay.

*Id.* at 370.

Siemens argues that it is not liable to Rumsey for common-law indemnification because Rumsey does not and cannot allege that it is in a principal/agent or employer/employee relationship with Siemens that would trigger vicarious liability. (Doc. No. 15 at 6 (quoting *Ruggieri v. Quaglia*, No. 07-756, 2008 WL 5412058, at *9 (E.D. Pa. Dec. 24, 2008)).) Rumsey argues that the principal/agent and employer/employee relationship are just "examples of secondary liability relationships" and are not the only legal relationships that can support a claim for indemnification. (Doc. No. 19 at 5.) While Rumsey may be correct that these are not the only two situations in which common-law indemnification is available, Rumsey cites no authority in support of the proposition that a contract that does not specifically provide for indemnification can nevertheless serve as the basis for a common-law indemnification claim, and we are aware of none. Moreover, the great weight of authority is that common-law indemnity is unavailable in breach of contract cases. *See, e.g.*, *Richardson*, 838 F. Supp. at 990 (holding that contracts between litigants could not create a right to indemnification because "[n]one of these contracts creates secondary liability to any other contract"); *Higgins Erectors & Haulers, Inc. v. E.E. Austin & Son, Inc.*, 714 F. Supp. 756, 759 (W.D. Pa. 1989) (no right to indemnification where litigant's "liability arises solely out of its contract with [another party] and in no way is it secondary to the wholly unrelated alleged liability of [a third party] which is based upon an

entirely separate contract"); *accord Mobile Dredging & Pumping Co. v. City of Gloucester*, No. 04-4624, 2005 WL 1876080, at *4 (D.N.J. Aug. 4, 2005) ("Common law indemnity is a means of restitution to be used by one tortfeasor against another, and not when the third party plaintiff's liability is based on a breached contract between it and the original plaintiff.").

Rumsey has not alleged that it has a contract for indemnification with Siemens. Morever, Rumsey has not alleged that Siemens's liability for indemnification arises out of "primary versus secondary or vicarious liability." *Nat'l R.R. Passenger Corp.*, 528 F. Supp. 2d at 532. Accordingly, Rumsey's Complaint has failed to state a claim upon which relief can be granted. Count I of the Third-Party Complaint will be dismissed.

## IV.     LEAVE TO AMEND

Rumsey requests leave to amend its Third-Party Complaint if we find that the Third-Party Complaint fails to state a claim upon which relief can be granted. (Doc. No. 19 at 6.) Under Federal Rule of Civil Procedure 15(a), leave to amend should be liberally granted. Accordingly, we will permit Rumsey to amend its Third-Party Complaint.

## V.     CONCLUSION

For the foregoing reasons, Siemens Energy & Automation, Inc.'s Motion to Dismiss Third-Party Complaint will be granted. Rumsey's Third-Party Complaint is dismissed without prejudice.

An appropriate order will follow.

                                        BY THE COURT:


                                        /s/ *R. BARCLAY SURRICK*
                                        U.S. DISTRICT COURT JUDGE