IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EASTERN ELECTRIC CORPORATION OF NEW JERSEY | : : | CIVIL ACTION NO. 08-5478 |
| Plaintiff | : : | |
| v. | : : | |
| RUMSEY ELECTRIC COMPANY | : : : | |
| v. | : : | |
| Defendant | : : | |
| SIEMENS ENERGY & AUTOMATION, INC. | : : : | |
| Third Party Defendant | : | |

MEMORANDUM AND ORDER

Third party defendant Siemens Energy & Automation, Inc. has filed a renewed motion to dismiss defendant/third party plaintiff Rumsey Electric Company's first amended third-party complaint. The factual background was set forth in this Court's opinion dismissing Rumsey's original third-party complaint. See Eastern E. Elec. Corp. of New Jersey v. Rumsey Elec. Co., Civ. A. No. 08-5478, 2010 U.S. Dist. LEXIS 35758, at *2-3 (E.D. Pa. Apr. 9, 2010). I have before me Siemens's renewed motion, Rumsey's response and Siemens's reply. For the following reasons I will grant Siemens's motion.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

## ANALYSIS

This Court set out the relevant law to analyze a claim for indemnification in its prior opinion dismissing Rumsey's first third-party complaint:

> "Under Pennsylvania law, 'indemnity is available only in the following circumstances: (1) where primary versus secondary or vicarious liability is present or (2) where there is an express contract to indemnify.'" Nat'l R.R. Passenger Corp. v. URS Corp., 528 F. Supp. 2d 525, 532 (E.D. Pa. 2007) (quoting Richardson v. John F. Kennedy Mem'l Hosp., 838 F. Supp. 979, 989 (E.D. Pa. 1993)).
>
> * * *
>
> The Pennsylvania Supreme Court addressed the issue of common-law indemnification in cases where primary versus secondary or vicarious liability is present in Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A.2d 368 (Pa. 1951). The court explained that
>
>> [t]he right of indemnity rests upon a difference between the primary and the secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable. The difference between primary and secondary liability is not based on a difference in degrees of negligence or on any doctrine of comparative

> negligence, - a doctrine which, indeed, is not recognized by the common law. It depends on a difference in the character or kind of the wrongs which cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the injured person. Secondary liability exists, for example, where there is a relation of employer and employee, or principal and agent; if a tort is committed by the employee or the agent recovery may be had against the employer or the principal on the theory of respondeat superior, but the person primarily liable is the employee or agent who committed the tort, and the employer or principal may recover indemnity from him for the damages which he has been obliged to pay.

Id. at 370.

Siemens argues that it is not liable to Rumsey for common-law indemnification because Rumsey does not and cannot allege that it is in a principal/agent or employer/employee relationship with Siemens that would trigger vicarious liability . . . Rumsey argues that the principal/agent and employer/employee relationship are just "examples of secondary liability relationships" and are not the only legal relationships that can support a claim for indemnification . . . While Rumsey may be correct that these are not the only two situations in which common-law indemnification is available, Rumsey cites no authority in support of the proposition that a contract that does not specifically provide for indemnification can nevertheless serve as the basis for a common-law indemnification claim, and we are aware of none. Moreover, the great weight of authority is that common-law indemnity is unavailable in breach of contract cases. See, e.g., Richardson, 838 F. Supp. at 990 (holding that contracts between litigants could not create a right to indemnification because "[n]one of these contracts creates secondary liability to any other contract"); Higgins Erectors & Haulers, Inc. v. E.E. Austin & Son, Inc., 714 F. Supp. 756, 759 (W.D. Pa. 1989) (no right to indemnification where litigant's "liability arises solely out of its contract with [another party] and in no way is it secondary to the wholly unrelated alleged liability of [a third party] which is based upon an entirely separate contract"); accord Mobile Dredging & Pumping Co. v. City of Gloucester, No. 04-4624, 2005 U.S. Dist. LEXIS 16601, 2005 WL 1876080, at *4 (D.N.J. Aug. 4, 2005)

> ("Common law indemnity is a means of restitution to be used by one tortfeasor against another, and not when the third party plaintiff's liability is based on a breached contract between it and the original plaintiff.").

E. Elect., 2010 U.S. Dist. LEXIS 35758, at *3-11. In sum, a party may seek common law indemnification if it is alleged that the third party defendant is primarily liable and the third party plaintiff is secondarily or passively liable, meaning its liability "rests on imputed or constructive fault." Jet Plastica Indus., Inc. v. Goodson Polymers, Inc., Civ. A. No. 91-3470, 1992 U.S. Dist. LEXIS 799, at *11 (E.D. Pa. Jan. 21, 1992) (citing Cook v. Cook, 559 F. Supp. 218, 219 (E.D. Pa. 1983) (citing Builders, 77 A.2d at 370)).

Here, like its first third-party complaint, Rumsey does not allege the existence of an express contract to indemnify. Rather, the amended complaint alleges that Rumsey's indemnification claim is based on the common law theory of vicarious liability. Am. Third-Party Compl. ¶¶ 8-9 (alleging indemnification on the grounds that "Rumsey and Siemens entered into an agreement whereby Siemens agreed to provide the transformer in question to Rumsey within a specified period and for a specified price . . . . Said agreement renders Siemens primarily liable for any damages associated with the timely delivery of the transformer to Eastern."). The indemnification claim is based not on an employer/employee or a principal/agent relationship, but on an alleged agreement that Rumsey had with Siemens which Rumsey contends makes Siemens primarily liable. Although Rumsey's complaint clearly alleges primary liability on the part of Siemens and secondary liability on the part of Rumsey, the nature of the underlying claim belies Rumsey's claim against Siemens for indemnification. Rumsey alleges that if it is found liable to Eastern it will be because of Siemens's conduct. It argues, that Siemens is primarily

liable and Rumsey only secondarily liable because Siemens "exercised total control over the manufacture and delivery of the transformer." Rumsey's Opp'n. 6. However, Eastern's complaint alleges that Rumsey entered into an agreement with Eastern pursuant to a series of purchase orders issued by Eastern which required, <u>inter alia</u>, Rumsey to supply a transformer by a specified date. Compl. ¶ 26-28. The complaint alleges Rumsey breached that agreement, failed to deliver the transformer on time and Eastern's damages resulted from Rumsey's breach. Compl. ¶¶ 29-37. Rumsey is primarily liable for breaching its agreement with Eastern; that Siemens may have been the cause of Rumsey's inability to deliver the transformer on time is of no moment. Rumsey knew that it was going to be relying on Siemens to provide the transformer. Rumsey had the capability to protect itself from the risk that Siemens would not timely perform in either its agreement with Eastern or its agreement with Siemens. That it failed to do so does not subsequently give Rumsey the right to seek common law indemnification from Siemens for a liability for which Rumsey contracted and is therefore primarily Rumsey's. Although Siemens may also have an agreement with Eastern to perform, that does not negate Rumsey's primary liability for the obligations for which it contracted. If Rumsey is found liable to Eastern, it will be because Rumsey breached its contract with Eastern and not because Rumsey was found vicariously liable for Siemens's breach of its contract.

Rumsey relies on three distinguishable cases to support its position. First, it cites <u>Jet Plastica</u>, in which the defendant Goodson had been sued by the plaintiff Jet Plastica for delivering contaminated resin which damaged Jet Plastica's machinery. Goodson attempted to join the welder of a railcar whose filings had contaminated the resin but was unable to do so due to the court's lack of personal jurisdiction over the welder. Goodson then filed a third party

action against Van Dorn, the machinery manufacturers, alleging the machinery should have detected the presence of the contaminants in the resin and that Van Dorn was liable, <u>inter</u> <u>alia</u>, for indemnification. Van Dorn moved to dismiss the third party complaint. The Court dismissed the claims against Van Dorn. Rumsey relies on the following dicta concerning the welder:

> It is true that Goodson may be able to couch its actions as passive or secondary because they may not have had an active part in contaminating the polystyrene resin that it delivered. Goodson's passivity or secondary liability, however, is in relationship to the party it alleges is responsible for leaving metal grindings in the rail car, not Van Dorn. While it may very well be possible to proceed against the repair company for indemnification, it is improper to proceed against Van Dorn under these facts. With respect to Van Dorn, Goodson has failed to establish that its fault was secondary. As such, Goodson's claim for indemnification fails to state a claim upon which relief may be granted.

<u>Jet Plastica</u>, 1992 U.S. Dist. LEXIS 799 at *12. <u>Jet Plastica</u> is distinguishable from the present facts. First, in that case there was no contract between the welder and Goodson whereas here it is alleged there was an agreement between Siemens and Rumsey. As discussed in this Court's first opinion and for the reasons stated above, the presence of such a contract is material because no other cases have found common law indemnification in the presence of a contractual agreement and the agreement provided Rumsey the opportunity to contract to avoid the risk that Siemens would untimely deliver the transformer. Second, in that case, the welder would be primarily liable in tort for negligently leaving metal grindings in the rail car which could foreseeably contaminate items transported in those cars. Similarly, the other two cases cited by Rumsey can be distinguished from the present facts. <u>City of Wilkes-Barre v. Kaminski Bros., Inc.</u>, 804 A.2d 89 (Pa. Commw. Ct. 2002) (underlying action for negligence); <u>Sirianni v. Nugent Bros., Inc.</u>, 506 A.2d 868 (Pa. 1986) (same). Here, the underlying action is in contract, not tort.

6

Because Pennsylvania courts have not extended common law indemnification to cases where the third party plaintiff–which stands in neither an employer/employee or principal/agent relationship to the third party defendant–is alleged to have breached a contract it entered with the plaintiff and as Rumsey has not alleged any other theory upon which it may seek indemnification from Siemens, I will grant Siemens's motion to dismiss.

AND NOW, this 14th day of July 2010, it is hereby ORDERED that Siemens's motion to dismiss is GRANTED and Rumsey's amended third party complaint is dismissed.

/s/ Thomas N. O'Neill, Jr.
THOMAS N. O'NEILL, JR., J.